

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0156-22

**THE STATE OF TEXAS**

**v.**

**DWAYNE ROBERT HEATH, Appellee**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE TENTH COURT OF APPEALS
MCLENNAN COUNTY**

KEEL, J., filed a dissenting opinion in which KELLER, P.J., and YEARY, J., joined.

### DISSENTING OPINION

When the Legislature means "law enforcement," it spells it out. Since it did not do that in Article 39.14, we should not, either. In fact, the amendments to Article 39.14 and the later enactment of Article 2.1397 demonstrate that "the state" excludes law enforcement. The majority's contrary reading is at odds with the rest of the Code of Criminal Procedure where "the state" most often means both the State of Texas as a party

to a criminal lawsuit and the prosecution as its representative but never means—as far as I can see—law enforcement. Reading "law enforcement" into "the state" makes Article 39.14 a tangle of contradictions and anomalies that will say, for example, that offense reports are both discoverable and not discoverable. Such results demonstrate the majority opinion's faulty reasoning.

## I. When the Legislature Means Law Enforcement, It Says So

When the Legislature means "law enforcement," it spells it out. Here are a few examples. *E.g.*, Tex. Code Crim. Proc. art. 2.12(6) (specifying certain "law enforcement agents" as peace officers); art. 18.191 (setting out duty of "law enforcement" officer or agency when seizing a firearm); art. 38.20 (specifying identification procedures to be used by law enforcement agencies); art. 45.0217 (requiring certain records "held by law enforcement" to be kept confidential). But "law enforcement" is not mentioned in Article 39.14.

Besides that, reading "law enforcement" into "the state" in Article 39.14 would make Article 2.1397 a redundancy. Article 2.1397 not only mentions law enforcement, it defines it and requires a law enforcement agency filing a case to disclose to the prosecution everything discoverable under Article 39.14. *Id*. at art. 2.1397(a), (b). Article 39.14, in turn, requires "the state" to disclose that material to the defense. *Id*. at arts. 2.1397(b), 39.14.

Moreover, Article 2.1397's bill analysis contradicts the majority's reading of "the state" in Article 39.14. The Sponsor's Statement of Intent says, "Under Article 39.14 . .

. prosecutors are required to turn over to the defense" discoverable material. S. Comm. on Crim. Justice, Bill Analysis, S.B. 111, 87th Leg. R.S. (as filed May 31, 2021). It continued, "Law enforcement agencies, however, are not compelled to disclose the information[.]" *Id*. Article 2.1397's purpose was to ensure that law enforcement disclosed to the prosecution the discoverable material that law enforcement possessed. *Id*.; *accord* H. Comm. on Crim. Jurisprudence, Bill Analysis, C.S.S.B. 111, 87th Leg. R.S. (2021). It would have been redundant if "the state" in Article 39.14 included law enforcement.

So, what is "the state"?

## II. "The State" in the Code of Criminal Procedure

"The state" means different things throughout the Code of Criminal Procedure; its meaning comes from context.

For example, "the state" sometimes means Texas as a geographic area. *See, e.g.*, Tex. Code Crim. Proc. art. 4.04 sec. 2 (describing this Court's jurisdiction as "coextensive with the limits of the state"); art. 13.19 (discussing venue for crime "committed within the state"); art. 15.06 (specifying that an arrest warrant extends "to any part of the state"). It sometimes means Texas as a governmental or political entity rather than a private enterprise or a political subdivision. *E.g.*, *id*. at art. 2.121(d) (specifying that a railroad peace officer is not entitled to benefits normally provided by "the state" to a peace officer); art. 11.071 sec. 2A(a) and (c) (providing for reimbursement to the county from "[t]he state" for expenses in death-penalty writ

litigation); art. 16.22(a)(3) (requiring calculation of reimbursement for travel expenses based on "the state travel regulations").

But mostly "the state" is a two-sided coin that consists of the State of Texas as a party to a criminal lawsuit and the prosecution as its representative. In these instances, the party and its representative are congruent, interchangeable, and exclusive constituents of "the state" because the party can take no action except through its representative, and its representative has no other client. While criminal lawsuits are "carried on in the name and by the authority of 'The State of Texas'[,]" the carrying on is done by the State's representative—the district attorney or county attorney: the prosecution. *See id.* at arts. 1.23, 2.01, 2.02. So, for example, "the state" or "the State":

- has to offer evidence in support of guilty pleas; *id.* at art. 1.15 (referencing "the state");

- may move to transfer a case; *id.* at art. 4.17 (referencing "the state");

- has twenty days to answer a habeas application; *id.* at art. 11.07 sec. 3(c) (referencing "the state");

- is entitled to seven days' notice of a writ hearing; *id.* at art. 11.07 sec. 6 (referencing "the state");

- cannot use in a criminal proceeding test results ordered as a condition of bond; *id.* at art. 17.03(d) (referencing "the state");

- cannot use in a criminal proceeding results from disease testing; *id.* at art. 18.22 (referencing "the state");

- may be entitled to a continuance; *id.* at art. 29.035 (referencing "the State");

- is entitled to notice of change of venue; *id.* at art. 31.01 (referencing "the State");

- is entitled to peremptory challenges; *id*. at art. 35.15 (referencing "the State")

- may have the jury polled; *id*. at art. 37.05(a) (referencing "the State");

- may not offer evidence of race to prove future danger; *id*. at art. 37.071 sec. 2(a)(2) (referencing "the state");

- must prove special issues beyond a reasonable doubt; *id*. at art. 37.072 sec. 2(c) (referencing "the state");

- must satisfy all requirements for admission of custodial statements; *id*. at art. 38.22 sec. 3(e) (referencing "the state");

- may offer evidence about certain matters in murder cases; *id.* at art. 38.26(a) (referencing "the state").

These statutes—and many more—are clear: "the state" is either the State of Texas or the prosecution or both but never law enforcement.

And so it is in Article 39.14: "the state" means either or both the State of Texas and the prosecution, and it must produce discoverable material. *Id*. at art. 39.14(a). The work product of counsel for "the state" is not discoverable, nor are written communications between "the state" and its agents, representatives, or employees. *Id*. Original materials are not to be removed from possession of "the state," and their inspection "shall be in the presence of a representative of the state." *Id*. Article 39.14's use of "the state" is a clear and concise reference to the State as the party and/or the prosecution as its representative—period.

The majority claims that the statute's use of the phrases "the state," "counsel for the state," "representative of the state," and "party" require harmonizing, but they do not

because specifying the human representative instead of "the state" is a distinction without a difference. For example, a statute that requires a magistrate to provide a copy of a report to "the attorney representing the State" would mean the same thing if it required the magistrate to give a copy to "the state." *See id.* at art. 16.22(b-1)(2). Another that authorizes "the State's attorney" to apply for a subpoena would mean the same thing if it said "the state" could apply for a subpoena. *See id.* at art. 24.15. Likewise, Article 39.14's occasional specification of the representative does not change the dual meaning of "the state" because the representative and the party are its interchangeable parts.

The same goes for "party" or "parties"; they mean one or both sides of the lawsuit. *E.g.*, *id.* at art. 29.02 (allowing continuance by agreement of "the parties"); art. 35.01 (authorizing trial court to summon jurors after "the parties" announce ready); art. 35.07 (granting "[e]ach party" a challenge to the array). So, too, with Article 39.14's references to "party"; they mean one or both sides of the suit, as in the bilateral discovery of experts and the obligation of "each party" to acknowledge discovery provided before a guilty plea. *Id.* at art. 39.14(b), (j). Those references to "party" are already harmonious with "the state" because it is a party to the suit.

The majority argues that, unless "the state" includes law enforcement, Article 39.14 will not require the prosecution to produce discoverable material possessed by law enforcement. In support of its argument it cites the amendment to Article 39.14 that deleted "any agencies" and substituted "any person under contract with the state[.]" *See id.* at art. 39.14(a), *as amended by* Act of May 16, 2013, 83rd Leg. R.S., ch. 49 sec. 2

(S.B. 1611) 2013 Tex. Gen. Laws 106. The majority is mistaken, however, because Article 2.1397 obligates law enforcement to submit to the attorney representing the State everything that must be disclosed under Article 39.14. Under Article 2.1397, the prosecution would possess all material discoverable under Article 39.14 from the start of the case. Problem solved.

But rather than validate our perfectly good discovery statute, the majority squints and strains and makes it contradictory and anomalous.

## III. Contradictions and Anomalies

Let's start with a consequential and obvious example: offense reports.

If "the state" in Article 39.14 includes law enforcement, it will say that offense reports are both discoverable and non-discoverable; specifically, the statute's work-product and written-communications exclusions will sacrifice the discoverability of offense reports. To see why, substitute "the prosecution or law enforcement" for "the state" in Article 39.14(a).

The first clause of its first sentence will say that, with some restrictions and on defense request, "[the prosecution or law enforcement] shall produce . . . offense reports[.]" Tex. Code Crim. Proc. art. 39.14(a). But the second clause will say that "the work product of counsel for [the prosecution or law enforcement] in the case and their investigators and their notes or report" are not discoverable. *Id*. Since offense reports are reports of law enforcement investigators, they would be non-discoverable as work product of counsel for "the prosecution or law enforcement." They would also be non-

discoverable as written communications. Article 39.14(a)'s third sentence would read, "The rights granted to the defendant under this article do not extend to written communications between [the prosecution or law enforcement] and an agent, representative, or employee of [the prosecution or law enforcement]." *Id.*

Other anomalies will arise from the majority's reading of Article 39.14. Three examples follow.

First, it will authorize the defense to submit its discovery requests directly to law enforcement because it will say on defense request "[the prosecution or law enforcement] shall produce" discovery. *Id.* Similar end runs have happened before. *E.g., In re City of Lubbock*, 666 S.W.3d 546, 549 (Tex. Crim. App. 2023) (granting mandamus relief to city where trial court ordered police department to produce documents without notice to the prosecution). Since discovery requires no court order, a prosecutor might not know about a discovery request made to law enforcement nor its timing nor its fruits and so could not "acknowledge" those things as required. *See* Tex. Code Crim. Proc. art. 39.14(j).

Second, it will suggest a role for law enforcement in deciding what evidence to offer at trial and when to grant immunity, decisions that—until now—have belonged to the prosecution. *See Graham v. State*, 994 S.W.2d 651, 654, 656 (Tex. Crim. App. 1999). Article 39.14(h-1) will say, "if the [prosecution or law enforcement] intends to use at a defendant's trial testimony of a" jailhouse informant, then "[the prosecution or law enforcement] shall disclose . . . (2) any grant . . . of immunity . . . given by the

[prosecution or law enforcement] in exchange for the person's testimony." Tex. Code Crim. Proc. art. 39.14 (h-1).

Third, it will implicate a jurisdictional question; could a trial court order law enforcement—a non-party—to permit a *pro se* defendant to inspect discovery material? I doubt it. *See City of Lubbock*, 666 S.W.3d at 555 (recognizing police department is not a party to criminal lawsuit against an individual). Still, Article 39.14(d) will read,

> In the case of a pro se defendant, if the court orders [the prosecution or law enforcement] to produce and permit the inspection of a document, item, or information under this subsection, [the prosecution or law enforcement] shall permit the pro se defendant to inspect and review the document, item or information[.]

Tex. Code Crim. Proc. art. 39.14(d).

The majority's reading of "the state" makes a mess of Article 39.14.

## IV. Conclusion

"The state" in Article 39.14 means either or both the State of Texas as party to the suit and the prosecution as its representative, but it does not mean law enforcement. In this case, "the state" disclosed the 911 recording as soon as practicable because the prosecutor did so as soon as she learned of its existence. The statute requires no more, and neither should this Court. I respectfully dissent.

Filed: June 12, 2024

Publish